IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

VICTORIA GARRETT                                                                               PETITIONER
ADC #708139

V.                              NO. 5:13CV00039 KGB/JTR

RAY HOBBS, Director,                                                                         RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Introduction

Petitioner, Victoria Garrett, is a prisoner in the McPherson Unit of the Arkansas Department of Correction (ADC). She has filed a *pro se* 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, and three subsequent pleadings which the Court has construed as Amended Petitions. (Docket entries #2, #4, #5, #7.)

Petitioner's filings set forth a rambling narrative which alleges that, between September 2012 and February 2013, numerous ADC employees violated her constitutional rights. All of the claims in Petitioner's initial Petition[1] and her Amended Petitions[2] challenge either the allegedly unconstitutional conditions of her confinement or various disciplinary convictions in which she alleges her constitutional

---

[1] In her initial Petition, she alleges that various ADC employees: (1) failed to fix the showers in her barracks for sixty-five days, failed to investigate inmate complaints about the cold showers, and wrote disciplinaries against her in retaliation for complaining; (2) failed to protect her, wrote disciplinaries against her, "illegally and painfully" restrained her, shocked her with electric currents, and placed her on "behavior control," all in retaliation for reporting that other inmates had been sexually assaulted; (3) caused her to be "kicked out" of a pre-release program, deliberately created animosity between her and other inmates to "have [her] beat up," and wrote disciplinaries against her for filing grievances; (4) wrote a disciplinary in retaliation for her report that she had been sexually assaulted, refused to allow her to "use the camera as a witness" in the disciplinary proceedings, seized her with handcuffs that were too tight during her disciplinary hearing, and obtained false witness statements from other inmates; (5) refused to allow her to use polygraph exams during the disciplinary process, and refused to afford relief in her appeals of "many disciplinaries"; (6) failed to provide sufficient feminine hygiene items, and wrote a disciplinary against her for crying and asking for a washcloth; (7) placed her in a "death row" cell, where she was isolated and subjected to highly restrictive conditions; and (8) failed to provide sufficient toiletries, forced her to sit in urine and feces, placed her in behavior control for crying and asking for a shower, and wrote disciplinaries against her about the incident.

[2] In her Amended Petitions, she alleges that various ADC employees: (1) placed her on "treatment precautions," where she was deprived of all clothes except a gown, was exposed to extreme heat elements which led to UV burns and dehydration, was refused water and food, was provoked and agitated by officers, was placed under a "spit mask" restriction, and was written additional disciplinaries; (2) conducted disciplinary proceedings that were "hateful," "based on deceit," and not in compliance with ADC policy guidelines; and (3) wrote twelve retaliatory disciplinaries against her after she mailed her habeas petition on February 6, 2013, resulting in 620 days of restricted commissary, telephone, and visitation privileges.

rights were violated.

Finally, Petitioner alleges that she has been in punitive segregation since September or October 2012 and, as a result of disciplinary actions, will remain there until May 2014. She asks the Court to transfer her to another ADC unit, invalidate all disciplinary convictions, expunge them from her record, release her from segregation, restore her class status and good-time credits, remove the spit-mask restriction, remove the restrictions on her privileges, and hold a hearing to protect her from "immediate" danger. (Docket entries #2, at 5; #4, at 3; #7, at 1.)

For the reasons discussed below, the Court recommends that this § 2254 habeas action be dismissed.[3]

## II. Discussion

"Federal law opens two main avenues to relief on complaints related to imprisonment": (1) a petition for writ of habeas corpus; and (2) a § 1983 civil rights complaint. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). A habeas petition "is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*,

---

[3]*See* Rule 4, Rules Governing § 2254 Cases in United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

411 U.S. 475, 484 (1973). Habeas is thus the exclusive remedy when a claim "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Id.* at 489. A § 1983 civil rights complaint, on the other hand, "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

The Eighth Circuit has held that, if a habeas petitioner is not challenging the validity of his criminal conviction or sentence, or the length of his confinement, a habeas court lacks subject matter jurisdiction to grant relief. *Khaimov v. Crist*, 297 F.3d 783, 785–86 (8th Cir.2002) (finding that habeas petitioner's claims regarding prison mail and segregation were improperly brought in a habeas action because they were not alleged to have illegally extended his period of confinement); *Kruger v. Erickson*, 77 F.3d 1071, 1073–74 (8th Cir.1996) (dismissing habeas petition for lack of subject matter jurisdiction where the prisoner did not "make any colorable allegation that his underlying conviction is invalid or that he is otherwise being denied his freedom from incarceration").

### A.     Petitioner's Conditions of Confinement Claims

None of Petitioner's numerous conditions of confinement claims implicate the fact or length of her incarceration. Thus, none of those claims can be properly brought

and maintained in a federal habeas action.[4] *See Muhammad*, 540 U.S. at 750-51 & n.1.

Accordingly, the Court recommends that all of Petitioner's claims regarding her conditions of confinement be dismissed for lack of subject matter jurisdiction.

### B. Petitioner's Disciplinary Claims

Petitioner also challenges: (1) an unspecified number of prison disciplinary convictions she received between September 2012 and February 2013; and (2) twelve disciplinary reports that allegedly were written against her in retaliation for initiating this habeas action.

If a disciplinary conviction results in a prisoner losing good-time credits earned toward his release, federal habeas relief is the exclusive remedy for challenging that disciplinary conviction. *Muhammad*, 540 U.S. at 751. However, where a disciplinary conviction does not result in the loss of good-time credits, or otherwise affect the duration of a prisoner's sentence, it cannot be challenged in a § 2254 habeas action. *Id.* at 754-55.

In her habeas papers, Petitioner does not identify any specific disciplinary decision in which accrued good-time credits were revoked. While she attaches some disciplinary forms to her habeas papers, none of them shows that she lost any good-

---

[4]If Petitioner intends to pursue these conditions of confinement claims, she must file a § 1983 action and name as defendants the specific ADC employees who were personally involved with each of the alleged constitutional violations.

time credits as the result of any of the disciplinary convictions. (*See* docket entries #2, at 11-16; #4, at 4-7; #5, at 1-13.) Thus, she has not shown that any disciplinary decision affected the duration of her ADC confinement through the revocation of good-time credits.[5]

Finally, Petitioner alleges that, due to unspecified disciplinary convictions: (1) she has been incarcerated past her "original release date" of December 16, 2012; and (2) she has been kicked out of a pre-release program and, until she is released from segregation and has her class status and good-time credit restored, she cannot appear before the parole board and "go home." (Docket entry #2, at 1, 5.) Even liberally construing those allegations as alleging that the duration of her confinement has been lengthened by the actions of ADC officials, it still fails to state a claim for federal habeas relief.

At most, Petitioner alleges that she wants to "go to the Parole Board and go home," *not* that she is entitled to be released immediately because she has completed the sentence imposed by her criminal convictions. Contrary to her allegation that she had a December 16, 2012 "release date," the ADC website shows August 30, 2013, as her "PE/TE Date" (parole eligibility/transfer eligibility date), *i.e.*, when she

---

[5]By way of relief, Petitioner broadly requests the Court to restore her "Class 2 ... and all good-time credits." (Docket entry #2, at 5.) However, she fails to tie that requested relief to any specific disciplinary conviction in which the punishment she received involved the loss of good-time credit.

becomes eligible for transfer from the ADC's traditional correctional facilities to community correction facilities, programming and supervision. *See* Ark. Code Ann. § 16-93-1202(11) & (12)(A) (2012).

Thus, Petitioner's disciplinary convictions have only resulted in a delay in her being considered for parole or transfer. It is well-settled that a prisoner does not have a constitutional right to the possibility of parole or to participation in discretionary prison programs that might increase his or her chance for being released on parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 9-11 (1979); *Persechini v. Callaway*, 651 F.3d 802, 807-08 (8th Cir. 2011).

Accordingly, Petitioner has failed to state a viable habeas claim arising from any of the disciplinary convictions she seeks to challenge in this action.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, as amended (docket entries #2, #4, #5, #7), be DENIED, and this habeas action DISMISSED, WITH PREJUDICE.[6]

---

[6] Dismissal of these habeas claims would not preclude Petitioner from pursuing, in a § 1983 action, claims regarding her conditions of confinement or specific disciplinary actions, after fully and properly exhausting her administrative remedies. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED THIS 26th DAY OF March, 2013.

_____
UNITED STATES MAGISTRATE JUDGE